United States District Court
District of Massachusetts

PLAINTIFF NAME

David Whitney
15 Livingston Road
Pelham N.H. 03076

V.

United Parcel Service

Atlanta GA.
And
Teamsters Local #25
544 Main Street
Charlestown MA.

Complaint

04-10420-GAO

Referred to MJ RB Collings

## Parties

David Whitney of 15 Livingston Road Pelham N.H. 03076 and all others involved. David Whitney is a citizen of the United States.

The defendant is the United Parcel Service of the United States of America. And Teamsters Local #25 of the International Brotherhood of Teamsters located in the United States.

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## The Facts Against UPS

On Friday, August 8, 2003 a vote was taken from 317 employees (not the full bargaining unit) at the employer's Chelmsford, MA facility, to require the operation of a Sunday through Thursday shift and to end time-and one-half pay for Sunday work. Employees were told that a "YES" vote would result in a $200 bonus and a 25cent pay increase, while a "NO" vote would result in the closing of the Day-Sort and the loss of 300 jobs at the Chelmsford facility. The employer engaged in an unfair labor practice within the meaning of section 8(a), subsection (1) and (5) of the National Labor Relations Act based on the following charges:

1. A monetary incentive was offered by the employer in return for a "YES" vote.
2. Coercion and intimidation tactics (to wit: the threat of job loss and plant closing) were used by the employer to achieve "YES" votes.
3. The vote was taken from a nonrepresentative group of employees only, in violation of Art. 2, Sec. 1 of the Master Agreement. Specifically, the group chosen to vote did not constitute the Single Bargaining Unit.
4. The vote resulted in the taking away of superior benefits contained in the New England Supplement, Riders and Addenda that are currently in effect through July 31, 2008, and thereby violates Art. 2, Sec. 2 of the Master Agreement.
5. In holding this vote, the employer interfered with the already-negotiated provisions in effect until July 31, 2008 regarding work on Sundays, definition of the workweek and definition of overtime. The vote violates Art. 6, Sec. 1 of the Master Agreement.
6. The vote results in an adverse change in working conditions relating to wages, hours of work, overtime differential and general working conditions; and this change both conflicts with the highest standards in effect at the time the Collective Bargaining Agreement was signed, thereby violating Art, 47 Sec. 1 of the Supplemental Agreement and results in the employer's breach of the terms of the Supplemental Agreement, thereby violating Art. 47, Sec 2 of the Supplemental Agreement.
7. The result of the vote is to deny employees the "minimum rate for work performed on Sundays" to wit: time and one-half as guaranteed in Art. 60, Sec. 3 of the N.E. Supplemental Agreement.
8. The vote denies full-time employees the Monday-Friday or Tuesday-Saturday work week that is in effect until July 31, 2008, as guaranteed in Art. 66, Sec. 1(b) of the New England Supplemental Agreement.

## The Facts Against Teamsters Local #25

On Friday, August 8, 2003, a vote was taken from 317 employees (not the full bargaining unit) at the employer's Chelmsford, MA facility, to require the operation of a Sunday through Thursday shift and to end time-and-one-half pay for Sunday work. The leadership of Local 25 engaged in unfair labor practices with unlawful animus toward union members within the meaning of section 8(b), subsections (1) and (3) of the National Labor Relations Act based on the following charges:

1. The steward and president of Local 25 were aware that the employer was offering monetary incentives and threatening adverse consequences to control votes; specifically, that employees were told that a "YES" vote would result in a $200 bonus and a 25 cent pay increase, while a "NO" vote would result in the closing of the Day-Sort and the loss of 300 jobs at the Chelmsford facility.
2. The union permitted the vote to be conducted with a nonrepresentative group of mostly part-time employees, violating Art. 2, Sec. 1 of the Master Agreement.
3. The union permitted the vote to be conducted as a means by which the employer retracted superior benefits negotiated for in the N.E. Supplemental Agreement Riders and Addenda that are currently in effect. In so doing, the union failed to object to the employer's violation of Art. 2, Sec. 2 of the Agreement. Moreover, the union permitted the vote to be conducted so as to unlawfully interfere with negotiated provisions in effect regarding work on Sundays; the negotiated definition of the term, "workweek"; and the negotiated definition of "overtime." In so doing, the union assisted the employer in violating Art. 6, Sec. 1.
4. The union was aware that the vote might result in an adverse change in working conditions, thereby violating Art. 47, Sec. 1, and that it constituted a breach of the Supplemental Agreement at Art. 47, Sec. 2., and yet the union acted with unlawful disregard for its members' rights. Moreover, the union was aware that the result of the vote might be to deny employees the "minimum rate for work performed on Sundays" to wit: time and one-half as guaranteed in Art. 60, Sec. 3 of the N.E. Supp. Agreement,. and yet it failed to propose that the full Bargaining Unit have a voice in this decision, showing unlawful animus toward the Bargaining Unit.
5. The union showed unlawful animus specifically toward full-time employees by disregarding the rights as guaranteed in Art. 66, Sec. 1(b) of the N.E. Supplemental Agreement, and by allowing a majority of part-time employees votes (who were both coerced and rewarded monetarily) to change the terms of the Agreement. Moreover, in summarily denying the Grievances filed in this case without referring them to the Grievance Panel, the union showed unlawful animus toward the employees who filed the Grievances, purposefully denying them the full remedies under the Agreement.

The PLAINTIFF WANT the New England supplement of the UPS teamsters master Agreement Restored to its status before the vote of August 8th. To be made whole in every way under the new england supplement.

David Whitney
DAVID WHITNEY
15 Livingston Road
Pelham N.H. 03076
Phone - 603-661-4452