UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-10420-GAO

FILED
IN CLERKS OFFICE

2004 JUN 18 P 2:55

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| David Whitney, James Willey, and John Medeiros, Plaintiffs | ) ) ) |
| v. | ) ) ) |
| International Brotherhood of Teamsters, Local 25, United Parcel Services, Defendants | ) ) ) ) ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. David Whitney is a resident of Pelham, New Hampshire and is and has been a member of the International Brotherhood of Teamsters, Local 25 and is and has been employed by United Parcel Services, Inc. for all times relevant to this action.

2. James M. Willey is a resident of the Haverhill, Massachusetts and is and has been a member of the International Brotherhood of Teamsters, Local 25 and is and has been employed by United Parcel Services, Inc. for all times relevant to this action.

3. John Medeiros is a resident of the Lowell, Massachusetts and is and has been a member of the International Brotherhood of Teamsters, Local 25 and is and has been employed by United Parcel Services, Inc. for all times relevant to this action.

4. The International Brotherhood of Teamsters, Local 25, is the collective bargaining agent for the plaintiffs Whitney, Willey and Medeiros and for other employees of the United Parcel Service, Inc. employed at the defendant's Chelmsford, Massachusetts facility.

5. United Parcel Services, Inc. (hereinafter UPS) is a parcel delivery service with operations located throughout the United States, including Chelmsford, Massachusetts and is the employer of the plaintiffs.

6. At all times relevant to this action the defendant corporation, UPS, was and is an employer engaged in a business affecting interstate commerce as those terms are defined in Section 301 of the Labor Relations Management Act of 1947 (29 U.S.C. § 185) and within the definitions set forth in Sections 2(2) and 501(1) and (3) (29 U.S.C. § § 152 (2), 142 (1) and (3)). UPS maintains a base of operations in Chelmsford, Massachusetts and throughout Massachusetts and within the territorial jurisdiction of this Court.

7. Jurisdiction of this action is conferred upon this Court pursuant to Section 301 of the Labor Relations Management Act of 1947 (29 U.S.C. 185).

8. The defendant the International Brotherhood of Teamsters, Local 25 (hereinafter IBT Local 25) is and has been at all times relevant to this action a labor organization representing employees engaged in an industry affecting commerce as the term is defined in Section 301 of the Labor Relations Management Act of 1947 (29 U.S.C. 185) and within the definitions set forth in Sections 2(5) and 501(1) and (3) (29 U.S.C. § § 152 (5), 142 (1) and (3)) and the defendant maintains its principal office in Charlestown, Massachusetts, within the territorial jurisdiction of this Court.

9. At all times relevant to this action the plaintiffs have been and remain members in good standing of the defendant labor organization, IBT Local 25.

10. The defendants IBT Local 25 and UPS entered into a collective bargaining agreement for the period of August 1, 2002 through to July 31, 2008 which covered the wages, benefits and other terms and conditions of employment.

11. The plaintiffs were and are employees whose terms and conditions of employment were dictated by the terms of the collective bargaining agreement entered into by the defendants.

12. One such benefit of the collective bargaining agreement was the payment of premium pay to employees who worked on Sunday.

13. In and around August of 2003 the defendants entered into an agreement to change the contract so that employees, including the plaintiff, would no longer receive premium pay for working on Sunday.

14. The manner in which the defendants modified the collective bargaining agreement violated the rights of the plaintiffs as due them pursuant to Section 301 of the Labor Relations Management Act of 1947 (29 U.S.C. § 185).

15. As a result of the employer's actions to stop the premium pay to employees who work on Sunday the plaintiffs have suffered financial harm and continue to suffer financial harm.

16. The IBT Local 25 conducted a vote to ratify the elimination of premium pay for work on Sunday. Said vote was conducted in a manner that was violated the rights of the plaintiffs and violated the duty of fair representation owed by the defendant IBT Local 25 to the plaintiffs.

17. By the conduct described above, the defendant IBT Local 25 has violated its duty to the plaintiffs to represent them fairly.

18. By the conduct described above, the defendant UPS has breached its contract which requires it to provide premium pay for employees, including the plaintiffs, who work on Sunday.

WHEREFORE, plaintiff requests that this Court:

1. Award damages in favor of the plaintiffs against both defendants in such sum as will fully compensate him for the loss of premium pay he suffered;

2. Order the defendants to rescind the agreement ending premium pay for employees who work on Sunday;

3. Declare the vote as conducted by the defendant IBT Local 25 to be in violation of the rights of the plaintiffs as due them under 29 U.S.C. § 185 and therefore unlawful and void;

4. Award the plaintiffs their costs and attorney's fees and interest and required by statute and as incurred in this action;

5. Award such other relief as the Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff's claim trial by jury for all counts so triable.

Respectfully submitted,
The Plaintiffs, David Whitney,
James Willey, John Medeiros,

By their attorney,

Joseph G. Donnellan
BBO #558060
160 Gould Street
Suite 111
Needham, Massachusetts 02494
(781) 455-0707

Date: