UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID WHITNEY, JAMES WILLEY, )
and JOHN MEDEIROS, )
)
)
Plaintiffs, )
)
v. )                                CIV. ACTION NO: 04-10420-GAO
)
INTERNATIONAL BROTHERHOOD OF )
TEAMSTERS, LOCAL 25 and )
UNITED PARCEL SERVICE, INC. )
)
Defendants )

## DEFENDANT UNITED PARCEL SERVICE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Fed. R. Civ. P. 9(f) and 12(b)(5) and (6), Defendant United Parcel Service, Inc. ("UPS") moves to dismiss Plaintiffs' Complaint in its entirety. As grounds for its Motion, UPS states as follows:

Plaintiffs David Whitney, James Willey and John Medeiros (collectively, the Plaintiffs) filed the complaint in this action on June 18, 2004.[1] UPS, however, was not properly served with the complaint and summons. Moreover, Plaintiffs' Complaint, which alleges a single count under Section 301 of the Labor Management Relations Act against UPS and Defendant International Brotherhood of Teamsters, Local 25 (the "Union"), is untimely. Actions brought under Section 301 have a six month statute of limitations. Plaintiffs allege that in August 2003 UPS breached Section 301 by improperly negotiating a modification of its Collective Bargaining Agreement ("CBA")

---

[1] David Whitney filed a complaint in this Court on March 1, 2004. Mr. Whitney, however, never served that complaint upon UPS; that complaint is also time barred based upon Plaintiffs' allegations.

with the Union. Because Plaintiffs did not effectively serve UPS with the summons and complaint, and because Plaintiffs did not file this action until after the statute of limitations had expired, this action should be dismissed.

I.    FACTUAL ALLEGATIONS

Plaintiffs are three current employees of UPS and members of the Union. (Complaint, ¶¶1-3; 9). As members of the Union, the terms and conditions of Plaintiffs' employment are governed by the CBA entered into between the Union and UPS. (Complaint, ¶¶10 and 11). In August 2003, the Union and UPS negotiated a supplemental agreement (the "Agreement") regarding premium pay for work on Sunday. (Complaint, ¶13). Prior to formalizing the Agreement, the Union conducted a ratification vote regarding the modification of the CBA. (Complaint, ¶16). Apparently displeased with the result of the vote, and the modification of the CBA, Plaintiffs claim that the Union's ratification vote and the Agreement violate Section 301 of the Labor Management Relations Act (29 U.S.C. § 185)(Complaint, ¶¶14 and 16). More specifically, Plaintiffs claim that the Union violated its duty to represent the Plaintiffs fairly and that UPS breached its CBA with the Union. (Complaint, ¶¶17 and 18).

A complaint was filed in March, 2004 by Mr. Whitney. That complaint was never served on UPS. In June, the present Plaintiffs filed this "Amended Complaint."

As reflected in the Court's docket, Plaintiffs filed the complaint in this action on June 18, 2004. Thereafter, according to the Return of Service filed with the Court, service of the summons and complaint was made upon Vanny Poey, an office supervisor for UPS.

II.    ARGUMENT

A motion to dismiss tests the sufficiency of the pleadings.  Hiscock v. R.J. Reynolds Tobacco Co., Civ. No. 98-11960, 2000 U.S. LEXIS 19851 (D. Mass. 2000)(GAO).  The purpose of a motion to dismiss "is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., 988 F.2d 1157, 1160 (D.C. Cir 1993)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

When deciding a motion to dismiss, the Court is required to accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  However, "bald assertions" and unsupported conclusions do not constitute "well-pleaded" facts and will not preclude dismissal.  Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir. 1996).  A complaint should be dismissed where it fails to presents a set of facts justifying recovery.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

A.    Service Upon UPS is Insufficient.

To establish jurisdiction over a defendant, a plaintiff must ensure that each defendant is served with a copy of the complaint and the summons.  Fed. R. Civ. P. 4(b), (c)(1).  In this case, Plaintiffs have failed to serve UPS properly.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service upon a domestic corporation, such as UPS, is effectuated by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . .

Fed. R. Civ. P. 4(h). Accordingly, service of process on a corporate employee who lacks authority to accept service on behalf of the corporation renders the service invalid. Link Group Int'l LLP v. Toymax Ltd, 127 F. Supp. 2d 280, 283 (D. Conn. 2000) ("plaintiff may not serve a corporation by leaving a copy of the summons and complaint with a person of suitable age and discretion at the corporation's headquarters."); Kovalesky v. A.M.C. Associated Merchandising Corp., 551 F. Supp. 544, 545-46 (S.D.N.Y. 1982)(serving a summons and complaint in front of a company's receptionist who is not authorized to receive service rendered service invalid.)

The plaintiff bears the burden of establishing that the service was sufficient to establish personal jurisdiction. Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 909 (1st Cir. 1980). Indeed, "once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." Link Group Int'l LLP, 127 F. Supp. 2d at 282-83. Accordingly, it is Plaintiffs' burden to prove that the person upon whom service was made was authorized to accept service of legal process. The mere claim by a person receiving service of process that he or she is an authorized agent to accept service does not, without more, confer authority on that person to act as an agent for receipt of legal process. Rivera v. Bank One, 145 F.R.D. 614, 626 (D.P.R. 1993) (affidavit by service processor that individual served claimed authorization to accept service did not render service valid.)

In this case, the Plaintiffs never served the original complaint. Instead, the Plaintiffs tried to serve UPS the "Amended Complaint" by delivering the complaint and summons to Vanny Poey, an office supervisor. Ms. Poey is not a corporate officer and is not authorized to receive legal process. Therefore, pursuant to Fed. R. Civ. P. 12(b)(5), this action should be dismissed because service of process was insufficient.

B.     Statute of Limitations has expired.

The only claim Plaintiffs assert against UPS and the Union is a hybrid claim

pursuant to Section 301 of the Labor Management Relations Act.  Section 301 provides

in relevant part:

> Suits for violations of contracts between an employer and a labor
> organization representing employees in an industry affecting
> commerce . . . may be brought in any district court of the United
> States having jurisdiction of the parties, without respect to the amount
> in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  As in this case, an employee may bring a "hybrid" claim in which he

alleges that the employer breached the collective bargaining agreement and that his union

breached its duty of fair representation.  DelCostello v. International Brotherhood of

Teamsters, 462 U.S. at 489; Vaca v. Sipes; 386 U.S. 171, 186 (1967); Graham v. Bay

State Gas Co., 779 F.2d 93, 94 (1st Cir. 1985).  To prevail, the employee-plaintiff must

prove both breaches.  DelCostello, 462 U.S. at 489; Sedolia Cleveland v. Porca Co., 38

F.3d 289, 296-97 (7th Cir. 1994).

Claims under Section 301 are subject to a six-month statute of limitations period,

which begins to run from the time that the employee knew or should have known of the

Union's breach.  Graham, 779 F.2d at 94.  In adopting the six-month limitations period

provided in the National Labor Relations Act ("NLRA"), the Supreme Court quoted from

a concurrence of Justice Stewart:

> In § 10(b) of the NLRA, Congress established a limitations period
> attuned to what it viewed as the proper balance between the
> national interests in stable bargaining relationships and finality of
> private settlements, and an employee's interest in setting aside
> what he views as an unjust settlement under the collective
> bargaining system.

DelCostello, 462 U.S. at 171.

Federal Rule of Civil Procedure 9(f) states that "[f]or the purpose of testing the sufficiency of pleading, averments of time and place are material and shall be considered like all other averments of material matter." A motion to dismiss may be utilized whenever the time alleged in the complaint shows that the cause of action has not been brought within the statutory period. Federal Courts routinely dismiss untimely complaints. Zimmerman v. Cambridge Credit Counseling Corp., 2004 U.S. Dist. LEXIS 11848 (D. Mass. 2004); Stone v. Chao, 284 F. Supp. 2d 241 (D. Mass. 2003); Coady v. Marvin Lumber and Cedar Co., 167 F. Supp. 2d 166 (D. Mass. 2001); Heinrich v. Heinrich, 49 F. Supp. 2d 27 (D. Mass. 1999); Salois v. The Dime Savings Bank of New York, et al, 1996 U.S. Dist. LEXIS 21901 (D. Mass. 1996); DeCasenave v. United States, 991 F.2d 11 (1st Cir. 1993); Mouradian v. The John Hancock Companies, 751 F. Supp. 262, 268-69 (D. Mass. 1988); Price v. United Parcel Service, Inc., 601 F. Supp. 20, 24 (D. Mass. 1984).

In this case, Plaintiff pleads that in August 2003 UPS and the Union improperly agreed to modify the CBA with respect to the Sunday premium pay rate. (Complaint, ¶13). Therefore, if the Plaintiffs wanted to bring a Section 301 claim based on the allegations raised in their complaint, they had until February 2004 to do so. Plaintiffs, however, did not file the complaint until June 2004, ten months after the alleged breach of the CBA. Accordingly, based upon Plaintiffs' Complaint, this action is untimely and should be dismissed.

III.    CONCLUSION

As legal process has not been sufficiently served upon UPS, and as this matter has clearly been commenced after the time in which Plaintiffs can seek remedy under Section 301, UPS respectfully moves this Court to dismiss Plaintiffs' Complaint with prejudice.

UNITED PARCEL SERVICE, INC.
By its attorneys,

*Elizabeth A Kowal*

Michael C. Harrington – BBO #656144
   (Pro Hac Vice pending)
Elizabeth A. Kowal - BBO #646326
Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000
ekowal@murthalaw.com
mharrington@murthalaw.com

DATED: July 16, 2004

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THIS
A TRUE COPY OF THE ABOVE DOCUMENT
WAS SERVED UPON THE ATTORNEY OF
RECORD FOR EACH PARTY BY MAIL/BY
HAND.

DATE: 7/16/04    EAK

735013