UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID WHITNEY, JAMES WILLEY, and JOHN MEDEIROS,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25<br><br>Defendant,<br><br>and<br><br>UNITED PARCEL SERVICE. INC.,<br><br>Defendant. | CIVIL ACTION<br>NO. 04-10420-GAO |

**MEMORANDUM OF THE DEFENDANT, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25 IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Fed.R.Civ.P. 12(b)(5) and 12 (b)(6), Defendant, International Brotherhood of Teamsters, Local 25 (hereinafter "Local 25" or "the Union") has moved to dismiss the Plaintiffs' Complaint for the reasons set out below.

Plaintiffs David Whitney, James Willey and John Medeiros (collectively, "the Plaintiffs") filed a first amended Complaint in this action on June 18, 2004. Plaintiff David Whitney (hereinafter "Whitney") filed the original complaint in federal court on March 1, 2004, but that Complaint was never served upon Local 25. The Plaintiffs allege a single count against Local 25 and United Parcel Service (hereinafter, "UPS") under Section 301 of the Labor Management Relations Act. Given the nature of the claim alleged, Plaintiffs' Complaint was untimely filed. Actions brought pursuant to Section 301 are subject to a six (6) month statute of limitation. The Plaintiffs allege that Local 25 breached its duty of fair representation in August 2003. As such,

the complaint, to be timely, would have had to have been filed in or before February 2004. The Plaintiffs also failed to properly serve a copy of the complaint and summons against Local 25. In addition, Plaintiffs are barred from bring a claim alleging a breach of the duty of fair representation against the Union in cases where modification of a collective bargaining agreement is ratified by a membership vote. Therefore, the Plaintiffs' complaint action against Local 25 should be dismissed.

## I.     Factual Allegations

The Plaintiffs are all members of Local 25 and are employed by UPS. (Complaint, ¶¶ 1-3, 9). The wages, benefits and terms and conditions of the Plaintiffs' employment are governed by a collective bargaining agreement that was negotiated by the Defendants, Local 25 and UPS. (Complaint, ¶¶ 10-11). One such benefit to which the Plaintiffs were granted by the collective bargaining agreement was the payment of premium pay for hours worked on Sunday(s). (Complaint, ¶ 12). In August 2003, the Defendants presented a proposed modification to the collective bargaining agreement which would eliminate the payment of premium pay for hours worked on Sunday(s). (Complaint, ¶ 13). Local 25 conducted a vote which ratified the elimination of premium pay for work on Sunday and other modifications to the collective bargaining agreement. (Complaint, ¶ 16).

The Plaintiffs allege that the agreement by the Defendants, Local 25 and UPS, to modify the collective bargaining agreement, subject to the ratification of the modification, constituted a violation of Section 301 of the Labor Management Relations Act. (Complaint, ¶ 13-14, 16). The Plaintiffs contend that the manner by which Local 25 conducted the ratification vote violated the duty of fair representation which it owed to the Plaintiffs. (Complaint, ¶ 16). The Plaintiffs also allege that UPS has violated the collective bargaining agreement by failing to pay them premium pay for work performed on Sunday(s). (Complaint, ¶ 18).

2

David Whitney filed the original Complaint in this matter on March 1, 2004, alleging that Local 25, by its conduct on August 8, 2003, breached its duty of fair representation. See Original Complaint, page 3, Facts against Teamsters Local 25. That Complaint, however, was never served upon Local 25.

## II.   Argument

A motion to dismiss enables a defendant to test the legal sufficiency of a plaintiff's allegations. The purpose of a motion to dismiss is to allow the court to eliminate actions that fail to prove a set of facts that would entitle the plaintiff to any relief, and in doing so spare the parties the costs associate with discovery and litigation. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Rutman Wine v. E & J Gallo Winery, 829 F.2d 729 (9th Cir. 1987).

When deciding a motion to dismiss, the Court must accept all well-pleaded and material facts as being true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Integrated Technologies, Ltd. v. Biochem Immunosystems, 2 F.Supp.2d 97, 100 (D.Mass. 1998). However, the Court need not accept as true unsupported conclusions, legal conclusions, or bald assertions made by the plaintiff. Ochoa Realty Corp v. Faria, 815 F.2d 812, 814-815 (1st Cir. 1987); Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999); Massachusetts School of Law at Andover v. American Bar Association, 142 F.3d 26, 34 (1st Cir. 1998). The Court should dismiss a plaintiff's complaint when the complaint fails to present a set of facts that would not entitle the plaintiff to recovery.

### A.   THIS ACTION IS BARRED BY THE STATUTE OF LIMITATIONS FOR CLAIMS BROUGHT PURSUANT TO SECTION 301

Crediting all of Plaintiff's factual allegations as true and "indulging all reasonable inference in [his] favor,", Plaintiffs' claims against the Union must nevertheless be dismissed because they are time-barred. Meltzer v. Grant, 193 F.Supp.2d. 373, 375 (D.Mass. 2002), citing

Kiely v. Raytheon Co., 105 F.2d 734, 735 (1st Cir. 1997). Plaintiff's complaint constitutes a "hybrid" action, one lawsuit in which the Plaintiff alleges that an employer has violated Section 301 of the Labor Relations Act and also that his collective bargaining representative has violated its duty of fair representation owed to him. Hybrid suits are subject to a six-month statute of limitations. DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-171 (1983); Arriaga-Zayas v. ILGWU P.R. Council, 835 F.2d 11,127 LRRM 2033 (1st Cir. 1987), Demars v. General Dynamics Corporation, 779 F.2d 95, 121 LRRM 2112 (1st Cir. 1985); Graham v. Bay State Gas Co., 779 F.2d 93, 121 LRRM 2105 (1st Cir. 1985). Plaintiffs' cause of action accrued during August 2003. See Plaintiffs' Amended Complaint, ¶ 13, 16.

"A cause of action in a hybrid Section 301/fair representation suit arises when the plaintiff knows, or reasonably should know, of the acts constituting the union's alleged wrongdoing." Graham, supra at 2106. The "cause of action normally accrues when a plaintiff 'could first have successfully maintained a suit based on that cause of action.'" Demars, supra at 2114, citing Bell v. Aerodex, Inc., 473 F.2d 869, 873, 82 LRRM 2594 (5th Cir. 1973). Because Federal Rule of Civil Procedure 9(f) requires that averments of time "are material and shall be considered like all other averments of material matter," for the purposes of this motion, the very latest that the Plaintiffs' claim against the Union arguably arose is August 31, 2004. By that time, the Plaintiffs knew that the Union had engaged in talks with UPS regarding a modification of the collective bargaining agreement and that Local 25 union members at the UPS hub in Chelmsford, Massachusetts had voted upon and ratified such a modification, actions which Plaintiffs assert constituted a breach of Local 25's duty of fair representation.

Federal Rule of Civil Procedure 15(a) grants the Plaintiffs the right to amend its pleading once at any time before a responsive pleading is served. Furthermore, Rule 15(c) allows an amended pleading to "relate back" to the date of the original pleading in instances where the

4

claims asserted in the amended complaint arose form the same "conduct, transaction, or occurrence" set forth in the original pleading. However, in order for claims in an amended complaint to relate back to the original complaint, the original complaint must be timely filed. See VKK Corporation v. National Football League, 244 F.3d 114, 128 (2nd Cir. 2001). The original complaint alleged that Local 25 had breached its duty of fair representation by its conduct of August 8, 2003. Therefore, in order to for the original complaint to be considered timely it needed to have been filed on or before February 8, 2004. DelCostello, supra. 462 U.S. at 169-171. Because the original complaint was not filed until March 1, 2004, it is untimely as beyond the applicable six (6) month statute of limitations, and thus, cannot be a basis for tolling the statute of limitations for the identical claim alleged in the Plaintiffs' amended complaint.

In sum, Plaintiffs did not commence suit against Local 25 until a point in time that is well past the six-month limitations period, and thus, their claim against the Union must be dismissed.

### B.   SERVICE OF PROCESS WAS NOT SUFFICIENT UPON THE DEFENDANT LOCAL 25

In order to establish jurisdiction over a defendant, a Plaintiff must serve a copy of the complaint and summons upon the defendant. Fed.R.Civ.P. 4 (b), (c). In addition, where the defendant to be served is an unincorporated association such as Local 25, a Plaintiff effectuates service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process." Fed.R.Civ.P. 4(h). The Plaintiffs failed to have the complaint and summons served upon Local 25 in the manner required by the Federal Rules of Civil Procedure.

Process was served upon Sheila McLaughlin, a secretary-employee of Local 25. However, Ms. McLaughlin is not an officer or agent of the Defendant, Local 25, and is not authorized to accept service of process on behalf of Local 25. Service upon an employee of a defendant does not constitute service upon the defendant, even if the summons and complaint

5

were left with a "person of suitable age and discretion." Link Group International, LLP v. Toymax, Ltd., 127 F.Supp. 280, 283 (D.Conn. 2000). Because Ms. McLaughlin did not have the authority to accept service on behalf of her employer, Local 25, service was not adequately rendered upon Local 25. See Rivera v. Bank One, 145 F.R.D. 614, 626 (D.P.R. 1993).

The burden is upon the Plaintiffs to show that the service upon Local 25 was sufficient to establish personal jurisdiction upon it. See United States v. Swiss American Bank, Ltd., 191 F.3d 30, 39 (1st Cir. 1999). Furthermore, the Plaintiffs have the burden to prove that the service of process was proper by establishing that the complaint and summons was served upon a person with the proper authority to accept such service. See Saez Rivera v. Nissan Manufacturing Co., 788 F.2d 819, 821, n.2 (1st Cir. 1986). Indeed, even if Ms. McLaughlin could be shown to have indicated to the process server that she was authorized to accept service on behalf of Local 25 – and Defendant is aware of no such evidence - such a representation does not confer actual authority upon Ms. McLaughlin. See Rivera v. Bank One, supra, 145 F.R.D. at 626. As such, sufficient service upon Local 25 has never been made.

Because the Plaintiffs have not effected proper service upon Local 25, the summons should be quashed and the Plaintiffs' complaint dismissed against Local 25.

### C    THIS ACTION IS BARRED IN ANY CASE BY BARGAINING UNIT'S RATIFICATION OF THE MODIFICATION TO THE COLLECTIVE BARGAINING AGREEMENT

Ratification of a modification to a collective bargaining agreement bars the Plaintiffs from bringing a claim against the Union alleging a breach of the duty of fair representation, unless the it can be shown that misrepresentation or misconduct of the Union affected the outcome of such ratification vote. See Sim v. New York Mailers' Union Number 6, 166 F.3d 465, 472 (2nd Cir. 1999); See also Gullickson v. Southwest Airlines Pilots' Association, 931 F.Supp. 1534, 1541 (D. Utah 1996), aff'd 87 F.3d 1176 (10th Cir. 1996); Moore v. Brotherhood

of Locomotive Engineers, 166 L.R.R.M. 2171, 2000 WL 882374 (D.Kan.2000)(Analyzing duty of fair representation claims brought pursuant to the Railway Labor Act (RLA)).[1] Although the Plaintiffs allege that they have lost premium pay for work performed on Sundays, this fact alone does not establish that Local 25 has breached an duty owed to the Plaintiffs. See Fay v. Teamsters Local Union 553, 67 F.Supp2d 86, 97 (E.D.N.Y 1999); Haerum v. Air Line Pilots Association, 892 F.2d 216, 221 (2nd Cir. 1989); Ratosky v. United Transp. Union, 843 F. 2d 869, 876-877 (6th Cir. 1988). To state a claim that a union has breached its duty of fair representation, the Plaintiffs must show that Local 25's conduct was "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967).

The Plaintiffs have made unsupported assertions that the manner by which Local 25 conducted the ratification of the modification to the collective bargaining agreement constituted a violation of its duty of fair representation by the Union. See Complaint, ¶ 13-14, 16. However, the Plaintiffs failed to assert any material facts to support such allegations. Furthermore, even if Court held as true all of the Plaintiffs unfounded allegations, the Plaintiffs have not shown that the Union's conduct caused or even influenced the outcome of the vote. Therefore, the Plaintiffs have failed to state a claim that Local 25 has violated its duty of representation.

### III. Conclusion

Plaintiff's claims against the Union should be dismissed. The statute of limitations under Section 301 expired before this suit was commenced by the Plaintiffs. The Plaintiffs failed to properly serve Local 25 in this matter. In addition, the Plaintiffs' claims that Local 25 breached its duty of fair representation in negotiating a change to the parties' collective bargaining

---

[1] The duty of fair representation was first developed under the RLA in Steele v. Louisiana & Nashville Railroad Co., 323 US 192, 202-204 (1947). It was soon thereafter extended to unions under the NLRA in Ford Motor Co. v. Huffman, 345 U.S. 330, 337-338 (1953). The duty of fair representation owed by a union to its members under the NLRA is identical to the duty owed by a union subject to the RLA. Linder v. Berge, 739 F.2d 686, 689 (1st Cir. 1984); Linder v. Berge, 567 F.Supp. 913, 916 (D.R.I. 1983); Brock v. Republic Airlines, Inc., 776 F.2d 523, 525 (5th Cir. 1985).

agreement is barred due to the ratification of such amendment by the Local 25 members that are employees of UPS. Accordingly, Plaintiff's claims against the Union do not state a claim upon which relief can be granted and the complaint should be dismissed, with prejudice.

Respectfully submitted,<br>
Defendant, International<br>
Brotherhood of Teamsters, Local 25<br>
By its attorney,<br>
<br>
_____<br>
Matthew E. Dwyer<br>
BBO# 139840<br>
Dwyer, Duddy and Facklam<br>
Attorneys at Law, P.C.<br>
One Center Plaza, Suite 360<br>
Boston, MA  02108<br>
617-723-9777

Date:  August 7, 2004

## CERTIFICATE OF SERVICE

I, Matthew E. Dwyer, hereby certify that I sent a copy of the foregoing document with attachments, via first–class mail, to:

Joseph Donnellan
160 Gould Street, Suite 111
Needham, MA  02494
(781) 455-0707

Elizabeth Kowal
Murtha Cullina, LLP
99 High Street
Boston, MA  02110-2320

_____
Matthew E. Dwyer

Dated: August 7, 2004