UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID WHITNEY, JAMES WILLEY, and JOHN MEDEIROS, <br><br>Plaintiffs, <br><br>v. <br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25 and UNITED PARCEL SERVICE, INC. <br><br>Defendants | CIV. ACTION NO: 04-10420-GAO |

## DEFENDANT UNITED PARCEL SERVICE, INC.'S
## REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant United Parcel Service, Inc. ("UPS") has moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6). First, as demonstrated by the original and amended Complaint, and collaborated by Plaintiffs' memorandum, Plaintiffs' action against UPS is untimely and should be dismissed. Second, Plaintiffs have failed to serve UPS in compliance with the Federal Rules of Civil Procedure. Accordingly, UPS's Motion should be granted.

## ARGUMENT

I.   Plaintiffs' Claim Against UPS is Untimely.

Plaintiffs' opposition to UPS's Motion rests upon an incorrect legal assertion. Contrary to Plaintiffs' claim, the six-month statute of limitations for an action brought under Section 301 of the Labor Relations Management Act begins to run from the time that the employee "knew or should have known of the acts constituting the union's alleged wrongdoing," not from when a plaintiff first experiences actual harm. (emphasis added) Graham v. Bay State Gas. Co., 779 F.2d 93, 94 (1st Cir. 1985); see also Bloedow v. CSX Transp., Inc., No. 3:02 CV 7338; 2004 U.S. Dist. LEXIS 10378 (N.D. Ohio 2004)("The statute of limitations on [§ 301] claim begins to run 'when an employee discovers or should have discovered with exercise reasonable diligence, acts giving rise to the cause of action.'"); Barrow v. New Orleans S. S. Ass'n, 932 F.2d 473, 480 (5th Cir. 1991)(The plaintiff claimed that his employer and union violated § 301 by adopting a new seniority system; "[t]he statute of limitations period for [§ 301] began to run when [the plaintiff] discovered that the CBA was violated.").

In an effort to survive UPS's Motion, Plaintiffs claim that the statute of limitations for their claim under § 301 began to run when the plaintiff first suffered harm under the modified collective bargaining agreement to which the Union and UPS agreed. (Pl's. Opp'n Mem., p. 2). Not only have Plaintiffs failed to cite any authority in support if their assertion, but courts in this district have expressly rejected such a claim. As in this case, in

James v. Georgia-Pacific Corp., 986 F.Supp. 34, 40 n.2 (D. Me. 1997), the plaintiff argued that his cause of action under § 301 did not accrue until he suffered actual injury. The District Court, however, noted that not only is there no authority for such a proposition, but it "flies in the face of the well established principle that a section 301/fair representation cause of action arises when the plaintiff knew or reasonably should have known of the acts constituting the union's wrongdoing." Id. The District Court further noted:

> As the First Circuit has noted in the discrimination context, it is altogether beside any relevant point that the [ ] plaintiffs continued to feel the effects of [an] . . . adverse decision. . . . . Whatever harms were suffered add up to nothing more than the predictable, albeit painful, consequences of the [grievance] denial.

(internal quotation marks omitted; citations omitted). Id.; see also Delaware State Coll. v. Ricks, 449 U.S. 250 (1980) (statute of limitations commenced when plaintiff was informed of alleged unlawful decision (denial of tenure), not when it took effect).

Similarly, in Local Lodge No. 1424 v. NLRB, 362 U.S. 411, 414-15 (1960), the Supreme Court held that the six-month statute of limitations under § 10(b) of the National Labor Relations Act, which the Supreme Court applied to § 301 actions in Del Costello v. Int'l Brd. of Teamsters, 462 U.S. 151 (1983), began to run from the date on which an unlawful contract was agreed to, and not from the subsequent application of the contract.

In this case, as stated in their Amended Complaint, and in their memorandum of law, the only action of UPS and the Union that Plaintiffs challenge is the negotiation of a modification of the collective bargaining agreement with respect to Sunday premium pay:

> The manner in which the defendants modified the collective bargaining agreement violated the rights of the plaintiffs as due them pursuant to Section 301 of the Labor Management Act of 1947 (29 U.S.C. § 185).

(Amended Complaint, ¶14). Accordingly, despite Plaintiffs' claim, there is no material factual dispute in this case. As Plaintiffs alleged, after UPS and the Union negotiated the modification, on August 8, 2003, the Union held a ratification vote on the contract modification. (Original Complaint; Amended Complaint, ¶13). Given that the limitations period accrued on August 8, 2003, when Plaintiffs knew or should have known that the Collective Bargaining Agreement was being modified upon the ratification vote, Plaintiffs had until February 8, 2004 to file a § 301 action challenging the Union's agreement with UPS. Because Plaintiff David Whitney did not file a complaint until March 1, 2001[1], this action is untimely. Therefore, pursuant to Fed. R. Civ. P. 12(b)(6), this action should be dismissed.

II.   **UPS Has Not Been Properly Served.**

Dismissal of the action against UPS is also proper under Fed. R. Civ. P. 12(b)(5). First, Plaintiffs concede that Plaintiff David Whitney never served UPS with the "original"

---

[1] The original Complaint has never been served upon UPS.

Complaint, dated March 1, 2004, in this action. Plaintiffs have only attempted to serve UPS with the "Amended" Complaint and Summons. Second, with respect to the "Amended Complaint," dated June 18, 2004, which was delivered to Vanny Poey, an office supervisor employed with UPS, service did not comply with Fed. R. Civ. P. 4(h).

Plaintiffs rely exclusively on Massachusetts state law to support their service of the Amended Complaint and claim that process was left with "a person in charge of the defendant's business." (Plaintiffs' Memo, p. 3). However, even under Massachusetts law, service upon UPS was insufficient. Plaintiffs served the Amended Complaint and Summons upon Vanny Poey, an Office Supervisor at UPS. (See Vanny Poey's Affidavit, attached hereto at Tab A). Ms. Poey is not a managing agent of UPS and is not in charge of UPS's business. Furthermore, Ms. Poey specifically informed the process server that she was not authorized to receive service of legal process. (Id.) Accordingly, service was inadequate and this action should be dismissed under Rule 12(b)(5).

Furthermore, at this late date, given that Plaintiffs never served the original complaint, this Court should deny Plaintiffs' request for additional time to serve UPS properly.

## CONCLUSION

For the reasons discussed herein and in UPS's July 16, 2004 Memorandum of Law, UPS's Motion to Dismiss should be granted.

UNITED PARCEL SERVICE, INC.
By its attorneys,

Michael C. Harrington – BBO #656144
mharrington@murthalaw.com

Elizabeth A. Kowal – BBO #646326
ekowal@murthalaw.com

Murtha Cullina LLP
99 High Street
Boston, MA 02110
(617) 457-4000

DATED: September 8, 2004