UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID WHITNEY, JAMES WILLEY, and JOHN MEDEIROS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25<br><br>　　　　Defendant,<br><br>and<br><br>UNITED PARCEL SERVICE. INC.,<br><br>　　　　Defendant. | CIVIL ACTION<br>NO. 04-10420-GAO |

## DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 25'S REPLY MEMORANDUM

The Defendant, International Brotherhood of Teamsters Local 25 (hereinafter "Local 25") moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12 (b)(5) and (6). In response to Local 25's motion to dismiss and its memorandum in support thereof, the Plaintiffs filed an opposition to such motion. In its opposition to Local 25's Motion to Dismiss, the Plaintiffs raised, for the first time, an assertion that the statute for limitation for their claim for breach of the union's duty of fair representation did not begin to run until the Plaintiffs first suffered harm in September 2003.

### I.    Facts

In response to the Plaintiffs' First Amended Complaint, Local 25 filed a motion to dismiss. In its memorandum in support of this motion, Local 25 argued that the Plaintiffs original complaint was untimely filed, and thus the Plaintiffs' first amended complaint did not relate back

to the date of the original complaint. See Local 25's Memorandum in Support of Its Motion to Dismiss, pp. 4-5. In its original complaint, filed on March 1, 2004, the Plaintiffs alleged that the procedure employed by Local 25 in adopting a modification or amendment of the contract on August 8, 2003 breached its duty of fair representation. See Plaintiff's Original Complaint, p. 2.

In the Plaintiffs' First Amended Complaint, the Plaintiffs contend that Local 25 breached its duty of fair representation in August 2003 by conducting an improper vote and entering into an agreement with the employer, UPS, to modify the collective bargaining agreement and eliminate premium pay for work performed on Sundays. See Plaintiffs' First Amended Complaint ¶¶ 13-14. The Plaintiffs further allege that they have suffered financial harm as a result of a ratification of the proposed contract modification and subsequent elimination of the premium pay benefit. See Plaintiffs' First Amended Complaint ¶ 15. In the Plaintiffs' Opposition to Local 25's Motion to Dismiss, the Plaintiffs contend, for the first time, that the operative date concerning the application of the statute of limitations is September 2003, because that is when the Plaintiffs first suffered "harm" as a result of Local 25's alleged breach. See Plaintiffs' Opposition to Local 25's Motion to Dismiss, p. 2. Prior to that date, Plaintiffs say, they only had notice of a "potential" change to the contract. See Plaintiffs' Opposition to Local 25's Motion to Dismiss, p. 2.

## II.   Argument

### THE PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS UNTIMELY BECAUSE THE STATUTE OF LIMITATIONS BEGINS TO RUN WHEN THE PLAINTIFFS KNEW OR SHOULD HAVE KNOWN OF THE ACTS CONSTITUTING THE UNION'S ALLEGED WRONGDOING, NOT WHEN THE PLAINTIFFS FIRST SUFFERED HARM AS A RESULT OF ALLEGED WRONGDOING

The statute of limitations in a duty of fair representation action begins to run when the a plaintiff knew or should have known of the acts constituting the alleged breach by the union. See Graham v. Bay State Gas Co., 779 F.2d 93, 94 (1st Cir. 1985). There is no requirement that a

2

plaintiff must suffer harm before a cause of action to accrue. See James v. Georgia-Pacific Corporation, 986 F.Supp.34, 40, n.2 (D. Maine 1997). Therefore, the issue is not when were the Plaintiffs first harmed by Local 25's alleged breach, but rather, when did the Plaintiffs first have actual or constructive knowledge of the conduct that constituted the alleged breach of the union's duty of fair representation.

    a.    **The Plaintiffs Complaint Is Untimely Because The Plaintiffs First Had Knowledge Of The Acts Constituting An Alleged Breach By The Union In August 2003**

In order to survive the instant motion to dismiss, the Plaintiffs must show that they did not have either actual or constructive knowledge of the acts constituting the union's alleged breach prior to September 1, 2003. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 169-171 (1983); See Graham v. Bay State Gas Co., supra, 779 F.2d at 94. The Plaintiffs asserted that the vote on the proposed contract modification, taken by Local 25 on August 8, 2003, constituted a breach of the duty of fair representation.[1] See Plaintiffs' Original Complaint, p. 2. As such, to be timely, Plaintiffs' complaint should have been filed on or before February 8, 2004. See DelCostello, supra, 462 U.S. at 169-171. However, the Plaintiffs now contend that their original Complaint was timely filed on March 1, 2004 because the operative date for determining the statute of limitations is the date on which the Plaintiffs first suffered harm by loss of a contractual benefit that resulted from the change adopted on August 8, 2003. See Plaintiffs' Opposition to Local 25's Motion to Dismiss, p. 2.

In the Plaintiffs' Opposition to Local 25's Motion to Dismiss, the Plaintiffs contend that the six-month statute of limitations for their duty of fair representation claim did not begin to run

---

[1] Though the Court, for the purposes of a 12(b)(6) motion, must accept the well-pleaded facts of the Plaintiffs' First Amended Complaint as true, the Court must first determine whether the original complaint was timely filed. See VKK Corporation v. National Football League, 244 F.3d 114, 128 (2nd Cir. 2001). Because the Complaint contends that August 8, 2003 was the date of the breach by the Union, the original Complaint, which was based upon such conduct, was untimely filed.

3

until September 2003, when they experienced "actual harm" as a result of Local 25's alleged breach. See Plaintiffs' Opposition to Local 25's Motion to Dismiss, p. 2. The Plaintiffs offer no legal authority for the contention that the statute of limitations in a duty of fair representation suit does not begin to run until the Plaintiffs' have suffered an actual harm as a result of an alleged breach by the Union. In fact, courts in this circuit have found that the exact opposite is true. The argument that the statute of limitations does not begin to run until a Plaintiff suffers harm:

> flies in the face of the well established principle that a section 301/fair representation cause of action arises when the plaintiff knew or should have known of the acts constituting the union's wrongdoing.

James v. Georgia-Pacific Corporation, 986 F.Supp. 34, 40, n.2 (D. Maine 1997)(Court found that the cause of action accrued when the union membership voted to deny seniority to the Plaintiff rather than when the Plaintiff suffered harm in the form of a layoff due to the implication of that vote).

"The limitations clock is activated by knowledge, actual or constructive; it begins to tick when the challenged conduct comes to life." Arriaga-Zayas v. International Ladies Garment Workers' Union, 835 F.2d 11, 12 (1st Cir. 1987). It is evident from the Plaintiffs' original complaint that the Plaintiffs first knew, in August 2003, that the results of the August 8, 2003 membership vote would have an impact upon their benefits. See Plaintiffs' Original Complaint, p.2, "The Facts Against UPS," introduction and ¶¶ 3-8; See Plaintiffs' Original Complaint, "The Facts Against Teamsters Local # 25," introduction and ¶¶ 1, 3-4. The Plaintiffs knew, on the date of such election, the manner in which the vote was conducted. Since the Plaintiffs contend that their rights were violated by the manner in which the vote was taken, the Court should find that the Plaintiffs' had knowledge of conduct that allegedly constituted a breach of Local 25's duty of fair representation, and thus the statute of limitations began to run on that date. The date on which the Plaintiffs first suffered harm as a result of the alleged breach is irrelevant to the

4

determination of when the cause of action accrued. Therefore, the Plaintiffs' Complaint should be dismissed.

### III.   Conclusion

Plaintiffs' claims against the Union should be dismissed. The Plaintiffs' cause of action arose when the Plaintiffs knew or should have know that the union's conducted allegedly constituted a breach of the duty of fair representation. The Plaintiffs incorrectly argue that a cause of action does not arise and that statute of limitations does not begin to run until the date on which actual harm was suffered. The six-month period under DelCostello expired here six months after August 8, 2003 or by February 8, 2003. Accordingly, Plaintiffs' claims against the Union do not state a claim upon which relief can be granted and the complaint should be dismissed, with prejudice.

Respectfully submitted,
Defendant,
**International Brotherhood of Teamsters, Local 25**
By its attorneys,

*Matthew E. Dwyer* /kap
Matthew E. Dwyer
BBO# 139840
Kathleen A. Pennini
B.B.O. # 654573
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
One Center Plaza, Suite 360
Boston, MA  02108
617-723-9777

Date:   September 20, 2004

## CERTIFICATE OF SERVICE

  I, Matthew E. Dwyer, hereby certify that I sent a copy of the foregoing document via first–class mail, to:

Joseph Donnellan
160 Gould Street, Suite 111
Needham, MA  02494
(781) 455-0707

Elizabeth Kowal
Murtha Cullina, LLP
99 High Street
Boston, MA  02110-2320

Michael C. Harrington, Esq.
Murtha Cullina, LLP
City Place I
185 Asylum Street
Hartford, CT  06103-3469

Dated: September 20, 2004

                 Matthew E. Dwyer

f:\l25\whitney (usdc)\pldg\mem.reply.plaintiffs.opp.mot.dismiss.doc:blg

6