UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-CV-10420-GAO

| | |
|---|---|
| David Whitney, James Willey, and John Medeiros, Plaintiffs | ) ) ) |
| v. | ) ) ) |
| International Brotherhood of Teamsters, Local 25, United Parcel Services, Defendants | ) ) ) ) ) ) |

## PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25 MOTION TO DISMISS

Now come the plaintiffs in the above captioned matter and oppose the motion of the defendant International Brotherhood of Teamsters, Local 25 to dismiss their amended complaint. In support the plaintiffs' offer the following:

This is a lawsuit brought pursuant to Jurisdiction of this action is conferred upon this Court pursuant to Section 301 of the Labor Relations Management Act of 1947 (29 U.S.C. 185) against an employer (United Parcel Services) and a labor organization (International Brotherhood of Teamsters, Local 25). The complaint seeks remedies for the deliberate conduct of the defendants in amending the terms and conditions of a collective bargaining agreement contrary to the agreement and in violation of the rights of the plaintiffs as conferred upon them through the LRMA and the constitution of the defendant labor organization, the Teamsters.

The timing of the change of the benefits is a question of fact and one that is not conducive to being resolved through a motion to dismiss. Whether the employees

1



actually lost a benefit or were just threatened with the loss of a benefit is something that will be developed through discovery.

## THE COMPLAINT WAS TIMELY FILED WITHIN THE SIX MONTH STATUTE OF LIMITATIONS

The plaintiffs complain of conduct by the defendant union which abridged their rights under a collective bargaining agreement. The operative date of the harm is the date the right was first denied. The defendant argues the operative date should be August 8, 2003. The plaintiffs filed this complaint on March 1, 2004. The applicable statute of limitations is six months. It is the position of the plaintiffs that the actual change to the contract and the actual harm suffered by the plaintiffs did not occur until September 2003, a date which falls within the statute of limitations. While the plaintiffs were put on notice of a potential change to their contract, no plaintiff suffered any harm until September. That timeline places the plaintiffs squarely within the six month statute of limitations.

Under Rule 12(b)(6) the court may enter dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990); see also Conley v. Gibson, 355 U.S. 41, 45-48 (1957). In making this determination, the court must accept the well-pled facts of the amended complaint as true and indulge every reasonable inference in his favor. See Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Based on the facts as alleged in the amended complaint filed by the plaintiffs, the six month statute of limitations has been met as the harm suffered by the plaintiffs fell within the six month period dating back from the entry of the complaint.

## SERVICE UPON THE DEFENDANT WAS PROPER

Service upon the defendant union was made by deputy sheriff who left a copy of the complaint and summons to answer with a person in charge of the defendant's business. Leaving a copy of the complaint with a person in charge is sufficient notice under our rules. Rule 4 provides for proper service by any method allowed under state rules. Fed. R. Civ. P. 4(h)(1), incorporating Rule 4(e)(1), which reads: "pursuant to the law of the state in which the district court is located."

Under Mass.R.Civ.P. 4 allows for service upon a person in charge of the business. The defendant states that the person who accepted service on behalf of the defendant in now someone who is not competent to receive service. Service was made and returned within the 120 day time frame and defect in service resulting from service upon the wrong individual at the union headquarters would allow a defendant, such as this union, to dodge service by refusing to present the person in charge. Should the court find that the wrong person received service on behalf of this defendant, the plaintiffs request and additional fourteen period to effect proper service pursuant to Fed.R.Civ.P. 4(m).

For the foregoing reasons, the plaintiffs request this court to deny the motion to dismiss as filed by the defendant as the complaint was filed within six months of the harm suffered by the plaintiffs and service was properly made upon the defendant, Teamsters, Local 25.

## RATIFICATION OF THE BENEFIT CHANGES BY THE MEMBERSHIP DOES NOT BAR THIS ACTION

The defendant labor organization argues that since the change in the contract was ratified by a vote of the membership the change is unassailable. Such is not the case as the plaintiffs allege the manner in which the election was held violated their rights under

3

the constitution of the union (Amended Complaint at ¶ 16). See Conley v. Gibson, 355 U.S. 41, 47-48 (1957) (all that is required of a complaint is "notice pleading," "a short and plain statement of the claim that will give defendant a fair notice of what the plaintiff's claim is and the grounds upon which it rests").

The plaintiffs allege that their rights were abridged in the manner through which the election was held. Nothing more in required under the liberal notice pleading requirements of Rule 8. Id. It is not required of the plaintiffs that they set forth each and every wrongful act that they allege resulted in their voting rights to be abridged. It is sufficient that they put the defendant on notice that the they claim a harm due to the manner in which the defendants ratified the decision to change their benefits under a collective bargaining agreement.

## CONCLUSION

For the foregoing reasons, the plaintiffs respectfully request the court to deny the motion of the defendant and allow this matter to proceed.

> Respectfully submitted,
> The Plaintiffs, David Whitney,
> James Willey, John Medeiros,
>
> By their attorney,
>
> _____
> Joseph G. Donnellan
> BBO #558060
> 160 Gould Street
> Suite 111
> Needham, Massachusetts 02494
> (781) 455-0707

Date:

4